Anne BAKER, et al., Plaintiffs,

v.

**LIGGETT GROUP, INC., et al., Defendants.**

Civ. A. No. 86–1326–WF.

United States District Court,
D. Massachusetts.

July 31, 1990.

Nelson G. Apjohn, David Abelman, Nutter, McClennen & Fish, Boston, Mass., for plaintiffs.

Deborah K. Blum, Samuel Adams, Joseph J. Leghorn, Warner & Stackpole, Boston, Mass., James O. Copley, James V. Kearney, Webster & Sheffield, New York City, for Liggett Group Inc.

Donald J. Wood, Boston, Mass., Jones, Day, Reavis & Poque, Washington, D.C., Paul G. Crist, Jones, Day, Reavis & Poque,

Cleveland, Ohio, for R.J. Reynolds Tobacco Co.

## MEMORANDUM AND ORDER

WOLF, District Judge.

### I. BACKGROUND

This is an action by Anne and Louis Baker, residents of Massachusetts, against Liggett Group, Inc. ("Liggett") and R.J. Reynolds Tobacco Company ("Reynolds"), manufacturers of cigarettes. Anne Baker alleges that she developed oat cell carcinoma and underwent surgery for the removal of her left lung due to the negligence and breach of implied warranty of the defendant tobacco companies. More specifically, the complaint seeks redress for defendants' alleged (1) breach of implied warranty in the sale of cigarettes which cause dependency, disease, illness, and death, and which carried no health warnings prior to 1965 and inadequate warnings after 1965, and (2) negligence in the manufacture, sale, marketing, promotion, advertising, testing, and research concerning the health hazards of cigarettes, and in failing to warn of the dangers of cigarettes prior to 1965 and inadequately warning of such dangers after 1965. Louis Baker also alleges a claim for loss of consortium.

Reynolds moved for dismissal of plaintiffs' post–1965 claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that they are all preempted by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331 *et seq.* (the "Labeling Act"). Defendant also moved for dismissal of plaintiffs' pre- and post–1965 claims on the grounds that plaintiffs failed to state a claim for which relief could be granted under Massachusetts law. Alternatively, defendant moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on all of plaintiffs' claims. Reynolds contended that the uncontroverted testimony of plaintiff Anne Baker that she was aware of the hazards of smoking demonstrates that defendant is entitled to judgment as a matter of law, notwithstanding the fact that discovery is not complete.[1]

On December 20, 1988, after several lengthy hearings and extensive briefing, this court denied defendants' motions for reasons explained in court and summarized below. However, all discovery in this action has been stayed since that date pending the court's consideration of the impact of *Wood v. General Motors Corporation,* 865 F.2d 395 (1st Cir.1988), on its preemption analysis and of defendants' motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. For the reasons stated below, the court concludes that *Wood* does not alter the conclusion concerning the motions to dismiss and for summary judgment rendered previously. Thus, discovery shall now proceed with regard to material relevant to all of plaintiffs' pre–1965 claims and those post–1965 claims seeking relief for negligent design and design defect which are not based on the inadequacy of health warnings on cigarette packages or on the propriety of cigarette advertising. Discovery shall be conducted subject to the Protective Order appended as Exhibit 1 hereto and in accordance with the Scheduling Order appended as Exhibit 2 hereto.

### II. THE MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

This court held hearings on defendants' motions to dismiss and for summary judgment on April 15, 1988 and December 20, 1988, when it issued an oral opinion denying those motions. For the reasons stated at that time, which the court still hopes to amplify in a more substantial written opinion, the court found that only those post–1965 claims based on the inadequacy of health warnings and the promotion and advertising of cigarettes are preempted by the Labeling Act as interpreted by the Court of Appeals for the First Circuit in

---

1. Defendant Liggett did not formally file a motion to dismiss or for summary judgment. However, Liggett submitted memoranda addressing many of the same issues that Reynolds raised in its arguments to this court, and the legal standards relevant to Reynolds apply equally to Liggett. Accordingly, the court makes reference to defendants collectively, and its present memorandum and order applies to both defendant Reynolds and defendant Liggett.

*Palmer v. Liggett Group*, 825 F.2d 620 (1st Cir.1987). The court additionally held that plaintiffs had stated (or could properly allege in an amended complaint) causes of action under Massachusetts law for negligent design and design defect in both the pre– and post–1965 periods and that, at a minimum, they were entitled to discovery on these claims. Specifically, the court ruled that Massachusetts law, though in many respects congruent with § 402A of the Restatement (Second) of Torts, is not precisely defined or limited by that section or the Comments thereto. While reasonable consumer expectations are an important element in the Massachusetts law of implied warranty, evidence concerning other factors, such as "the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, and the adverse consequences to the product and to the consumer that would result from an alternative design," must, if warranted by the evidence, each also be considered. *See Back v. Wickes Corp.*, 375 Mass. 633, 642, 378 N.E.2d 964 (1978). Thus, the court stated that plaintiffs could proceed, for the moment, on theories of negligent design, testing and manufacture, safer alternative design, generic risk-utility, and unreasonable dangerousness. Finally, the court implicitly decided that defendants' defense that plaintiff knew of the risk of smoking and unreasonably continued to smoke is not amenable to decision on a motion to dismiss, but must at least await a motion for summary judgment based upon completed discovery which will, among other things, permit an assessment of whether the gravity of the risk posed by smoking was known to Mrs. Baker.

Nothing stated by the Court of Appeals for the First Circuit in *Wood* or submitted by counsel for the defendants since the December 20, 1988 hearing has altered this court's analysis of the relevant issues. Thus, the court now lifts the stay on discovery of materials relating to all of plaintiffs' pre–1965 claims and post–1965 negligent design and design defect claims, as described in more detail above.

### III. THE PROTECTIVE ORDER

The attached Protective Order shall govern the discovery and use of confidential materials in this case. In general, the order precludes disclosure of such information to the public and the media during the pretrial phase of this litigation, but allows its dissemination to litigants and counsel in other so-called "tobacco tort" cases, subject to the terms of the Order and the authorization of the courts in those cases. There is no restriction imposed on the dissemination and use of non-confidential information produced in discovery. Briefly stated, the reasons for this decision are as follow.

■ Fed.R.Civ.P. 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 2209, 81 L.Ed.2d 17 (1984). As specified in Fed.R.Civ.P. 26(c), however, a showing of good cause is required to justify any protective order. *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir.1986). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Id.*

Fed.R.Civ.P. 26(b)(1)(i) generally permits liberal discovery of relevant information. Good cause must be shown to limit a party's right to disseminate information obtained in discovery. *Anderson*, 805 F.2d at 6–7. "It is implicit in Rule 26(c)'s 'good cause' requirement that ordinarily (in the absence of good cause) a party receiving discovery materials might make them public." *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir.1988). Restrictions on the right to disseminate information obtained in discovery are appropriate if it is shown that such restrictions are necessary to protect a producing party from "annoyance, embarrassment or oppression," including, but not limited to, true trade secrets and confidential research, development and commercial information. Fed.R.Civ.P. 26(c).

■ In this case, defendants have not made the particularized showings of good cause necessary for entry of the "umbrella" protective order prohibiting dissemination of both confidential and non-confidential documents which they have requested. *See Cipollone v. Liggett Group, Inc.,* 113 F.R.D. 86 (D.N.J.1986). In particular, the court is not persuaded that absence of a blanket protective order will lead to such adverse pre-trial publicity and embarrassment for the defendants that it will impair the fairness of the trial process. Defendants' success in the jury trial in *Kotler v. American Tobacco Co.,* C.A. No. 86–0810 (D.Mass. March 8, 1990), a case in which no blanket protective order was entered, supports this conclusion.

■ Moreover, with regard to confidential information produced in discovery, defendants have not shown good cause to preclude dissemination to litigants and lawyers in similar tobacco tort cases, subject to the protective order pertaining to confidential information being issued in this case. Such dissemination was permitted in *Cipollone,* the first of the prominent tobacco tort cases.[2] As Judge Lee Sarokin noted in *Cipollone,* the sharing of information obtained in discovery with litigants in comparable cases is consistent with Fed.R. Civ.P. 1 which provides that the Rules are to "be construed to secure the just, speedy, and inexpensive determination of every action." *Id.* at 91. It is particularly appropriate that this principle be applied in tobacco tort cases in which individual plaintiffs must litigate against large, corporate defendants. *Id.* Some such plaintiffs may have organized support, but many others may not. *Id.* In any event, to routinely require every plaintiff in a tobacco tort case to go through a comparable, prolonged and expensive discovery process

would be inappropriate. Rather, as Judge John Minor Wisdom wrote:

> Where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.

*Wilk v. American Medical Association,* 635 F.2d 1295, 1299 (7th Cir.1980).

Defendants in this case have not shown good cause to preclude the sharing of confidential information with other litigants and their counsel subject to the protective order in this case. As indicated earlier, such dissemination was permitted in *Cipollone,* among other cases, and is also appropriate here.

Accordingly, the court hereby issues the Protective Order appended as Exhibit 1 hereto, in order to: 1) establish a standard for determining confidentiality;[3] 2) establish a procedure for challenging the classification of documents as confidential; 3) authorize the disclosure of confidential materials to litigants in other tobacco tort cases under appropriate restraints; and 4) otherwise limit the use of confidential documents and information obtained in discovery to the preparation and presentation of this case unless the court, upon request, specifically authorizes additional extrajudicial uses.

## ORDER

This matter having come before the court on defendants' motions for a protective order and this court having considered the submissions of the parties and the arguments of counsel, and for the reasons

**2.** The parties' filings indicate that the protective order in *Cipollone* provided in paragraph 2 that: "All 'confidential' information produced by defendants in the course of this civil litigation or any appeal arising therefrom may be used in all related or similar cases subject to the terms and conditions of this order."

**3.** The Protective Order appended as Exhibit 1 defines "confidential information" and permits counsel for defendants to designate appropriate

documents as "confidential" and, therefore, subject to the Protective Order. The court will view the designation of a document as "confidential" as the equivalent of a request for a protective order and subject to the sanctions of Fed.R. Civ.P. 26(g). *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1122 n. 17 (3rd Cir.1986) (quoting Manual for Complex Litigation Second § 21.431 [1985] ).

expressed in the Memorandum and Order of the court of July 31, 1990, it is hereby ORDERED that:

1. For the purposes of this case "confidential information" shall be information designated by Liggett Group, Inc. ("Liggett") or R.J. Reynolds Tobacco Company ("Reynolds") which is sensitive business information that is generally unavailable to others in the media or the public, not readily determinable from other sources, treated as confidential by Liggett or Reynolds, and reasonably likely to lead to competitive injury, annoyance, embarrassment or oppression if it is disclosed to the media or to the public.

2. All documents and information deemed by counsel for Liggett or Reynolds to be confidential under ¶ 1 hereinabove which are produced in discovery in the future shall be stamped "Confidential, pursuant to July 31, 1990 Order."

3. If plaintiffs seek to establish that certain documents or information (or categories of documents or information) designated as confidential, previously or in the future, are not entitled to such status and protection, they shall inform counsel for Liggett and Reynolds of the basis for their objection. Within twenty days thereafter, if the parties cannot resolve the dispute, Liggett or Reynolds shall, pursuant to the Local Rules of the United States District Court for the District of Massachusetts, bring the matter to the Court for resolution, and bear the burden of establishing that a protective order concerning such documents or information is appropriate. *See Anderson v. Cryovac*, 805 F.2d 1 (1st Cir.1986).

4. Except with regard to disclosure to litigants in similar tobacco tort cases pursuant to ¶ 8 of this Order, all confidential documents or information produced in discovery by Liggett or Reynolds shall not be disclosed or used by anyone other than Liggett or Reynolds for any purpose other than in connection with the preparation for trial and litigation of this case. If anyone subject to this Order other than Liggett or Reynolds wishes to disclose or use any confidential documents or information pro-

duced by Liggett or Reynolds for any other purpose, he or she shall first request permission from Liggett or Reynolds and, if permission is not granted, may apply to this Court to request authority to do so.

5. Except with regard to disclosure to litigants in similar tobacco tort cases pursuant to ¶ 8 of this Order or with the prior written consent of Liggett or Reynolds, no documents or information designated as confidential may be disclosed to any person, except that documents and information designated as confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein; to parties or representatives of the parties who are assisting counsel in the conduct of the litigation; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents may also be disclosed:

(a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(b) to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and provided to opposing counsel a form containing:

(i) a recital that the signatory has read and understands this Order;

(ii) a recital that the signatory understands that unauthorized disclosure of the documents or information designated as confidential may constitute contempt of Court; and

(iii) a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

6. (a) A deponent may during the deposition be shown, and examined about, documents or information designated as confidential if the deponent already knows the confidential information contained therein. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 5(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may, within 30 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential–Subject to protection pursuant to Court Order." Until expiration of the 30 day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

7. If another court or an administrative agency subpoenas or orders production of stamped confidential documents or information subject to the terms of this Order, such party shall promptly notify Liggett and Reynolds of the pendency of such subpoena or order.

8. Notwithstanding any other provision of this Order, plaintiffs and their representatives may disclose all documents and information produced by defendants in the course of this action, whether or not designated as confidential, to plaintiffs and their counsel in all similar tobacco tort cases, subject to the terms and conditions of this Order. Such disclosure shall be subject to the following restrictions:

a) Before disclosing any document or information designated as confidential to any plaintiff or counsel in a related or similar case, plaintiffs shall give at least twenty days' advance notice in writing to counsel for Liggett and Reynolds, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If Liggett or Reynolds has an objection to disclosure to the individual(s) identified which has not been implicitly addressed by this Court's decision to permit disclosure to counsel and litigants in other tobacco tort cases, the parties shall promptly confer and, if the objection is not resolved by agreement, the appropriate defendant(s), within an additional twenty days, may, pursuant to the Local Rules, bring the dispute to the Court for resolution. If a motion is filed objecting to the proposed disclosure, disclosure is not permissible unless and until the Court has decided such motion;

b) Disclosure of confidential documents and information to plaintiffs and counsel in related and similar cases may occur only after the person(s) to whom such confidential documents and information are to be disclosed has signed the form described in ¶ 5(b) of this Order, appropriately modified to permit the use of such documents and information in his or her similar tobacco tort case; and

c) Any plaintiff or counsel seeking to use confidential documents or information disclosed pursuant to this Order shall seek leave of the court before which his or her matter is pending.

9. Any pleadings or related documents containing information and documents which have been designated as confidential and not declassified pursuant to this Order shall be filed temporarily under seal, with a statement whether the filing party requests the submission remain sealed. If such a request is made, it shall be accompanied by a red-lined copy of the filing showing what information is confidential, a filing which may be placed on the public record with the confidential information redacted, and a memorandum addressing the applicable standards for denying public access. *See Federal Trade Commission v. Standard Financial Management Corp.,* 830 F.2d 404 (1st Cir.1987). The opposing party shall respond to this memorandum within ten days after service.

10. Unless otherwise ordered, the provisions of this Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, documents and information designated as confidential, and all copies of same (other than exhibits of record and copies provided to litigants and counsel in similar and related cases), shall be returned to Liggett or Reynolds or the person who produced such documents or, at the option of the producer (if it retains at least one copy of the same) destroyed. The plaintiffs or their counsel shall make certification of compliance herewith and shall deliver the same to counsel for Liggett and Reynolds no more than 150 days after the final termination of this litigation. No later than the conclusion of this litigation, an appropriate order will be entered concerning the disposition of any confidential information or documents disclosed pursuant to ¶ 8 of this Order.

11. This Order is limited to the pretrial phase of this litigation. Issues relating to confidentiality and public access to information presented at trial will be addressed separately, if necessary. This Order shall not, however, restrict dissemination of any information if gained from a source other than documents or information produced by Liggett and Reynolds in discovery. Nor shall this Order restrict dissemination of non-confidential information produced by Liggett and Reynolds in discovery.