The **TRAVELER'S INSURANCE COMPANY, et al.,**
**Plaintiffs,**

v.

The **ALLIED–SIGNAL INC. MASTER PENSION TRUST, et al.,**
**Defendants.**

**No. 2:90CV00870 (AHN).**

United States District Court,
. D. Connecticut

Nov. 12, 1992.

Patrick Noonan (Delaney, Zenetis, Donahue, Durham & Noonan), Wallingford, Conn., for plaintiffs.

Taggart Adams, Michael Kaelin, (Kelley, Dye & Warren), Stamford, Conn., for defendants.

### RULING AND ORDER

SMITH, United States Magistrate Judge.

In the course of discovery in this action for declaratory judgment, Traveler's produced to the defendants two schedules whose confidentiality is currently in dispute. The first schedule (hereafter "investor's schedule"), identifies the names and addresses of all of the investors in Separate Account "R" as well as the size of the

investment made by each investor, the date of the withdrawal request, if any, and the contract number of the investment. The second schedule identifies the sequence in which the investors requested withdrawal from Separate Account "R", the date of the withdrawal requests, the number of units and value of the investments, and the contract numbers. After reviewing the papers submitted by the parties, the court finds that the plaintiff's motion for protective order must be denied.

■ It is axiomatic that as the party seeking to prevent public disclosure of the documents in question, Travelers bears the burden of showing "good cause" for preserving the confidentiality of the documents. *In re Agent Orange Prod. Liability Litigation,* 821 F.2d 139, 145 (2d Cir.), *cert. denied, Dow Chem. Co. v. Ryan,* 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987). A demonstration of good cause embodies a showing (1) that the documents in question truly are confidential and (2) that disclosure of the documents would cause a "clearly defined and very serious injury." *United States v. International Business Machines Corp.,* 67 F.R.D. 40, 46 (S.D.N.Y. 1975). "As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *American Tel. & Tel. Co. v. Grady,* 594 F.2d 594, 596 (7th Cir.1978) (*per curiam* ), *cert. denied, American Tel. & Tel. v. MCI Communications Corp.,* 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979); *see also In re Agent Orange Prod. Liab. Lit., supra,* 821 F.2d at 145–146.

In this case, the plaintiff contends that the two schedules in dispute contain confidential business information and, therefore, should be protected from public scrutiny. The plaintiff's papers, however, fail to establish good cause for preserving the confidentiality of the documents.

At the outset, the court notes that the plaintiff has not always preserved the confidentiality of the information contained in the schedules it seeks to protect. It readily admits that in some marketing efforts in the early 1980's, it identified the names of investors in Separate Account "R" to other potential investors. It further admits that it may have disclosed the names of certain investors on other, more recent, occasions.

The question of the confidentiality of the documents aside, however, Travelers' motion must be denied because it has failed to identify with particularity any serious harm that would result from public disclosure of the documents. Travelers' general assertion that its clients would be prejudiced by disclosure of information regarding their investments in Separate Account "R" is not sufficiently precise to warrant the entry of a protective order under Rule 26(c)(7), Fed.R.Civ.P. *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.), *on remand,* 113 F.R.D. 86 (D.N.J.1986), *mandamus denied,* 822 F.2d 335 (3d Cir.), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). Absent some specific showing that Travelers' clients would be negatively impacted by disclosure of this information, the plaintiff's motion for protective order, Filing # 520, must be denied.

This is not a recommended ruling but a ruling on discovery, the standard for review of which is specified in 28 U.S.C. § 636(b)(1)(A) and the Local Rules. As such, it is an order of the court unless reversed or modified by the district judge.